**METRO FURNITURE RENTAL, INC., Plaintiff,**

v.

**Michael ALESSI, David Jacobson, Buchbinder Stein Tunick & Platkin, Chemical Bank, and John Does No. 1–10, Defendants.**

**No. 90 Civ. 7363 (RPP).**

United States District Court, S.D. New York.

Aug. 14, 1991.

Kalnick, Jackson, Klee & Green, New York City by Stuart A. Jackson, for plaintiff.

Ullman & Holtzman, New York City by Stuart Holtzman, for Michael Alessi.

Frank Barrett, Forest Hills, N.Y. by Frank Barrett, for David Jacobson.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City by Thomas R. Manisero, Dennis Justin Kelly, for Buchbinder Stein Tunick & Platkin.

Chemical Bank Legal Dept., New York City by James L. Condren, Vice President and Asst. General Counsel.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, with pendent claims for breach of contract, accountant malpractice, breach of

fiduciary duty, fraud and conversion. The action, filed in state court on October 26, 1990, was removed to this Court in November 1990 by defendant Buchbinder Stein Tunick & Platkin ("Buchbinder"), an accounting firm, with the consent of defendant Chemical Bank. Defendant Michael Alessi ("Alessi") now moves to remand the action to state court. Chemical Bank ("Chemical") and Buchbinder move pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint. For the reasons set forth below, Alessi's motion is denied and Chemical's and Buchbinder's motions are granted in part. The pendent claims are remanded sua sponte.

## BACKGROUND

From January 1988 through July 1990 Alessi was president of Metro Furniture Rental, Inc. ("Metro"), a New York corporation. The complaint alleges that during this period Alessi conspired with David Jacobson ("Jacobson"), allegedly employed not as a teller, cashier or officer but as a vault manager at a Chemical Bank branch located in Forest Hills, Queens (Complaint ¶ 10), to defraud Metro of over $430,000. Alessi allegedly wrote hundreds of checks drawn on Metro's accounts at the Bank of New York and Manufacturer's Hanover Trust Company. As Metro's president, Alessi was an authorized signatory for these accounts. The checks were made payable to cash and to Alessi himself, Jacobson and other persons including fictitious parties. Plaintiff claims none of the checks represented actual obligations owed to the payees and that the proceeds of these checks were never paid to those persons. Over several years, Alessi allegedly hand-delivered checks at regular intervals to Jacobson at Chemical Bank. Jacobson is alleged to have given the messenger envelopes containing cash in return. Complaint ¶¶ 20–22.

The complaint also alleges that Alessi wrongfully charged Metro over $24,000 for the cost of a car and monthly parking expenses. Complaint ¶¶ 24–25.

Plaintiff further claims that Buchbinder, retained by Metro in January 1989 to audit Metro's management-prepared financial statements for 1988, negligently failed to detect Alessi's scheme, which at that time had resulted in the embezzlement of over $80,000. Plaintiff claims that as a result of Buchbinder's negligence, Alessi's scheme continued undetected until July 1990 allowing Alessi to embezzle an additional $350,-000.

## DISCUSSION

### 1. Motion to Remand

■ In support of his motion to remand this action to state court, defendant Alessi claims he did not join in the removal petition filed by Buchbinder and never consented to the removal. The unanimous consent of all defendants in a multiparty case is normally a precondition to removal. *See Nannuzzi v. King*, 660 F.Supp. 1445, 1447 (S.D.N.Y.1987). However, when a nonconsenting defendant seeks by motion to remand the action to state court due to a defect in the removal procedure, he must do so within 30 days of the filing of the notice of removal. 28 U.S.C. § 1447(c) (1988).

■ Buchbinder filed its notice of removal on November 15, 1990.[1] Alessi filed an answer on December 26, 1990 and filed his motion to remand on December 27, 1990. Because Alessi's motion to remand was brought more than 30 days after the notice of removal was filed, the motion to remand is denied as untimely.

### 2. Motions to Dismiss

A complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80

---

1. On November 28, 1990, Buchbinder filed a second document entitled "Notice of Filing of Notice of Removal."

(1957). When passing on a motion to dismiss, the court must accept the allegations in the complaint as true and construe them in favor of the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).[2]

### a. *RICO (Count I)*

Plaintiff's RICO claim suffers from a number of deficiencies. The claim rests on predicate acts of mail and wire fraud alleged to consist of:

"(i) documentary and oral misrepresentation as to the purpose for which checks were drawn by Alessi and cashed by Jacobson and Chemical Bank;

(ii) documentary and oral communications regarding the delivery of the checks to Jacobson and Chemical Bank to be negotiated; and

(iii) documentary and oral misrepresentations regarding the [Buchbinder] audit."

Complaint ¶ 42.

█ Where the predicate acts of a RICO claim sound in fraud, Rule 9(b) requires that "the circumstances constituting fraud ... be stated with particularity." Fed. R.Civ.P. 9(b). *See Morin v. Trupin*, 711 F.Supp. 97, 111 (S.D.N.Y.1989). *See also Ruff v. Genesis Holding Corp.*, 728 F.Supp. 225, 230 (S.D.N.Y.1990) ("the pleading of alleged mail and wire fraud is wholly inadequate, as it fails to indicate when, where and how these acts occurred and by whom they were committed").

Rule 9(b) serves three important purposes: first, to give the defendant fair notice of the claims against it and the grounds therefor; second, to protect a defendant from the harm that would befall its goodwill when it is charged with serious wrongdoing; and third, to diminish the possibility that a plaintiff with a largely groundless claim will succeed in using the threat of extensive discovery to impose an in terrorem increase on the settlement value. *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980), *reh'g denied*, 448 U.S. 911, 100 S.Ct. 3057, 65 L.Ed.2d 1140 (1980). *See Philan Ins. Ltd. v. Frank B. Hall & Co.*, 712 F.Supp. 339, 342 (S.D.N.Y.1989).

█ Metro has failed to comply with Rule 9(b) by specifying the time, place, speaker and content of the "misrepresentations" and "communications" alleged to constitute mail and wire fraud. At most, the complaint states that Alessi telephoned Jacobson at Chemical prior to delivering checks for cashing. Complaint ¶ 21. Metro's principal place of business is in Manhattan and Jacobson worked at a Chemical Bank branch in Queens. Where the parties are New York residents, it may be presumed that calls made between them were intrastate calls which cannot constitute wire fraud under 18 U.S.C. § 1343. *See McCoy v. Goldberg*, 748 F.Supp. 146, 154 (S.D.N.Y.1990); *Utz v. Correa*, 631 F.Supp. 592, 595–96 (S.D.N.Y.1986).

█ The second deficiency in plaintiff's RICO claim is that it fails to allege any facts demonstrating a knowing agreement involving each of the defendants to commit at least two predicate acts. *See Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n. 4 (2d Cir.1990) ("the complaint must allege some factual basis for a finding of a conscious agreement among the defendants"). For example, although Buchbinder is named as a RICO conspirator, no facts are alleged in the complaint showing that Buchbinder participated in any agreement that may have existed between Alessi and Jacobson.

█ Finally, respondeat superior has been rejected as a basis for imposing liability on a party such as Chemical Bank under RICO. Judge McKenna in *Kahn v. Chase*

---

**2.** Plaintiff has submitted affidavits of its current president and its comptroller in opposition to the motions to dismiss. The Court excludes the affidavits as matters outside the pleadings and declines to treat the parties' Rule 12(b)(6) motions as motions for summary judgment.

The Court also excludes as matters outside the pleadings the documents attached to Buchbinder's letter to the Court of April 30, 1991.

*Manhattan Bank, N.A.,* 760 F.Supp. 369 (S.D.N.Y.1991), found the independent acts of a bank employee not acting in the bank's interest in accepting checks fraudulently endorsed by a securities broker for deposit into the broker's personal account at the bank insufficient to subject the bank to RICO liability. *Id.* at 372–73 (collecting cases). The court in *Kahn* rejected plaintiff's respondeat superior theory where, as here:

> There is no allegation in the complaint that any employee or officer other than [the participating employee] knew of or was involved in this activity, that the acceptance of the checks reflected a corporate policy of [the bank] or that [the bank] did or could have benefited from [the employee's] misconduct.

*Id.* at 372. *Cf. Amendolare v. Schenkers Int'l Forwarders, Inc.,* 747 F.Supp. 162, 169 (E.D.N.Y.1990) ("substantial evidence" that union officials were directly involved in both RICO conspiracy and predicate acts supported vicarious liability of union). Metro's alternative argument—that Chemical can be held liable under RICO because its agent Jacobson acted with apparent authority in cashing the checks—is inapplicable. The court in *Amendolare* specifically warned that applying the agency doctrine of apparent authority "against passive entities that have been victimized by low-level employees," would not serve to promote RICO's policy objectives aimed at eliminating the infiltration of legitimate businesses by organized crime. *Id.*

Accordingly, plaintiff's RICO claim in Count I of the complaint is dismissed.

### b. *Pendent Claims*

 Where the federal claims have been dismissed in a case which was removed from state court, a district court has discretion to remand the remaining pendent claims sua sponte upon a proper determination that retaining jurisdiction over the case would be inappropriate. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 622, 98 L.Ed.2d 720 (1988); *Baylis v. Marriott Corp.,* 843 F.2d 658, 665 (2d Cir.1988) (citing *Carnegie–Mel-*

*lon* ). Plaintiff's federal claim having been dismissed and there being no basis for diversity jurisdiction over the remaining claims of plaintiff, retaining jurisdiction over this action would be inappropriate. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Needless decisions of state law should be avoided.... Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."). Accordingly, Buchbinder's and Chemical's motions to dismiss the state claims are denied and this action is remanded to Supreme Court of the State of New York, County of New York. This case is ordered closed.

IT IS SO ORDERED.