In re THOMSON McKINNON SECURITIES INC., Thomas McKinnon Inc. and Realty International Corporation, Debtors.

THOMSON McKINNON SECURITIES INC., Plaintiff,

v.

The BANK OF NEW YORK, Defendant.

Bankruptcy Nos. 90 B 10914, 90 B 11805 and 91 B 13280. Adv. No. 92–5281A.

United States Bankruptcy Court, S.D. New York.

Nov. 6, 1992.

See also 143 B.R. 612.

Debevoise & Plimpton, New York City, for plaintiff.

Michael D. Povman, New York City, for defendant Bank of New York.

## DECISION ON MOTION TO DISMISS COUNT I OF COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Bank of New York ("BNY") has moved for an order dismissing Count I of the complaint filed by the Chapter 11 debtor, Thomson McKinnon Securities, Inc. ("TMSI") for failure to state a claim upon which relief can be granted and for failure to plead fraud with particularity. Additionally, BNY seeks sanctions under Federal Rule of Bankruptcy Procedure 9011. Although not specifically stated in the complaint, BNY's motion to dismiss the com-

plaint implicates Federal Rule of Civil Procedure 12(b)(6) [1] and Federal Rule of Civil Procedure 9(b). [2]

TMSI was a securities broker which filed with this court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 28, 1990 and has continued as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. TMSI has discontinued its active business affairs and is in the process of liquidation.

## FACTUAL BACKGROUND

### The Complaint

The complaint contains three counts. Count I charges BNY with participating in a RICO conspiracy. [3] Counts II and III, which are not the subject of BNY's dismissal motion, allege causes of action for conversion and for money had and received.

Count I alleges that two named officers of TMSI stole checks payable to TMSI and conspired with three other named individuals and a corporation, King's Cross Collectors, Ltd. ("King's Cross"), to deposit the unendorsed checks in the account that King's Cross maintained at BNY. BNY accepted the unendorsed and non-negotiable checks and forwarded them to the drawee banks for payment. BNY then credited the proceeds to the account of King's Cross.

Apart from the predicate acts, the relevant paragraphs of the complaint directed against BNY read as follows:

17. Defendant The Bank of New York unlawfully, knowingly, and willfully conspired and participated in this scheme to defraud TMSI by wrongfully negotiating and causing to be negotiated these checks over the missing indorsements of TMSI.

. . . .

23. At all relevant times and in furtherance of the scheme to defraud TMSI, on information and belief, The Bank of New York, through one or more of its employees acting within the scope of employment and with the intent to benefit The Bank of New York, knowingly conspired and participated in this scheme by wrongfully negotiating the TMSI Checks over the missing indorsements of TMSI.

. . . .

24. The TMSI Checks were not indorsed by TMSI, were not in negotiable form, and did not entitle any other person to present them for payment or to obtain value for them.

. . . .

26. At all relevant times, on information and belief, The Bank of New York, knowing that these financial transactions were designed to conceal and disguise the nature, source and ownership of the TMSI Checks, caused financial institutions to make payment on the TMSI Checks by negotiating them through the collection process.

The predicate acts alleged in the complaint to support the RICO charges are bankruptcy fraud in violation of 18 U.S.C. § 152, transportation of stolen property in violation of 18 U.S.C. § 2314, and wire fraud in violation of 18 U.S.C. § 1343.

---

1. **Rule 12. Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on Pleadings**
   **(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted.

2. **Rule 9. 9. Pleading Special Matters**
   **(b) Fraud, Mistake, Condition of the Mind.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

3. 18 U.S.C. § 1962(c) (1964) provides:
   (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

## DISCUSSION

The defendant BNY has moved pursuant to Federal Rule of Civil Procedure 12(b)(6), incorporated by Federal Rule of Bankruptcy Procedure 7012, to dismiss the complaint in this adversary proceeding on the ground that it fails to state a claim upon which relief can be granted. In determining whether to grant a motion under Rule 12(b)(6), the court may not consider any material other than the pleadings. *JM Mechanical Corp. v. United States*, 716 F.2d 190, 197 (3d Cir.1983); *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir.1983). A motion under Rule 12(b)(6) is directed solely at the complaint. *Roth Steel*, 705 F.2d at 155. The court must presume that all factual allegations of the complaint are true and make reasonable inferences in favor of the non-moving party. *Kugler v. Helfant*, 421 U.S. 117, 126 n. 5 (1975); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081–82, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The burden of proving that no claim has been stated is on the moving party. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980); 1 J. Moore *et al.*, Moore's Manual, § 11.06[1] (1992).

Where the predicate acts of a RICO complaint are based upon fraudulent conduct, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud ... be stated with particularity." *See Metro Furniture Rental, Inc. v. Alessi*, 770 F.Supp. 198, 201 (S.D.N.Y.1991); *Ruff v. Genesis Holding Corp.*, 728 F.Supp. 225, 230 (S.D.N.Y.1990) (complaint should allege when, where and how the acts occurred and by whom they were committed). The complaint must also allege facts demonstrating a knowing agreement involving each of the defendants to commit at least two predicate acts. *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n. 4 (2d Cir.1990); *Metro Furniture*, 770 F.Supp. at 210.

The instant complaint does not allege the basis for TMSI's information and belief that BNY knew that the financial transactions in question were designed to conceal and disguise the nature, source and ownership of the TMSI checks. Generally, it is proper to plead on the basis of information and belief allegations underlying a fraud claim where a plaintiff has no access to more precise details about discovery. *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir.1990); *DiVittorio v. Equidine Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987). However, in such case, "the allegations must be accompanied by a statement of the facts upon which the belief is based." *Stern v. General Electric Co.*, 924 F.2d 472, 477 (2d Cir.1991); *Di Vittorio*, 822 F.2d at 1247 (citations omitted). TMSI's complaint is sufficient to charge unknown employees of BNY with having participated in the scheme with the named conspirators to accept unendorsed checks stolen from TMSI. This charge might be sufficient for holding BNY liable for the unauthorized acts of its employees committed within the scope of their employment. *See Banque Worms v. Luis A. Duque Pena E. Hijos LTDA*, 652 Supp. 770, 773 (S.D.N.Y.1986). But, TMSI charges BNY with *directly* participating in a RICO conspiracy, yet it fails to identify the BNY people who participated in the scheme or on what basis BNY should be regarded as having knowingly participated in the racketeering activity. The complaint fails to state any facts supporting the allegations which were made on information and belief. TMSI concedes that it does not seek to hold BNY liable simply because it employed an unknown person or unknown persons involved in racketeering activity. Therefore, if TMSI claims that BNY itself was directly involved with, and benefitted from, the racketeering activity set forth in the complaint, it must plead facts sufficient to raise a strong inference of scienter on the part of BNY itself. *Quaknine v. MacFarlane*, 897 F.2d 75, 80 (2d Cir.1990). Thus, where factual allegations of motive are lacking, the burden of pleading circumstantial allegations of conscious misconduct is greater. *Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York*, 808 F.Supp. 213, 229–30 (S.D.N.Y.1992). TMSI neither pleaded the motive for BNY's participating in a racketeering activity or circumstantial

allegations of conscious misconduct. The conclusory statement that the unknown BNY employees acted to benefit the bank falls far short of establishing scienter or motive with respect to BNY's alleged participation in racketeering activity. *See Qatar National Navigation & Transportation Co. Ltd. v. Citibank, N.A.,* No. 89 Civ. 0464, 1992 WL 276565 (S.D.N.Y. Sept. 29, 1992).

### Respondeat Superior

■ There is a more fundamental flaw in Count I of the complaint. BNY's alleged RICO liability is based upon the acts of unnamed employees. Although the Second Circuit has not yet ruled on this issue, several district courts in this circuit have refused to impose vicarious liability under RICO on the theory that vicarious liability would defeat the purpose of RICO, which was to reach those who profited from racketeering, and not those who are victimized by it. *Metro Furniture,* 770 F.Supp. at 202; *Kahn v. Chase Manhattan Bank, N.A.,* 760 F.Supp. 369, 373 (S.D.N.Y.1991); *Banque Worms,* 652 F.Supp. at 773. In *Kahn,* the court refused to hold a bank liable where an employee knowingly accepted fraudulently endorsed checks because there was no allegation that any other bank employees knew of, or were involved in, the fraudulent activity, or that the bank benefitted from the scheme. An exception has been made to the refusal to apply the doctrine of *respondeat superior* in RICO cases where the employer knowingly benefitted from the racketeering activity. In *Center Cadillac,* 1992 WL 84576, at *21, it was held that *respondeat superior* liability under RICO was appropriate where the employer bank extracted exorbitant monthly and lump payments in exchange for not foreclosing on the plaintiff's mortgage.

In the instant case, there are no strong inferences to be drawn from the allegation that BNY benefitted by having the use of the proceeds which were credited to King's Cross's account when the stolen checks were paid by the drawee banks. On the contrary, any such alleged benefit vanished in the light of the financial jeopardy which BNY faced had it knowingly engaged in a stolen check scheme. As stated in a recent district court decision:

> [T]he only reasonable inference to be drawn from the facts pleaded is that [the bank employee] was putting Citibank in jeopardy rather than intending to benefit it.

*Qatar,* 1992 WL 276565, at *6.

Accordingly, Count I does not sufficiently allege any factual basis upon which one may infer that BNY was an active participant in a racketeering activity proscribed by RICO. This Count should be dismissed without prejudice to renewal after TMSI has had its discovery with respect to Counts II and III.

■ BNY's motion for sanctions under Federal Rule of Civil Procedure 11, as incorporated by Federal Rule of Bankruptcy Procedure 9011, is not supported by evidence of bad faith. The complaint may state a colorable claim if substantiated by discovery, which has not yet taken place. Count I of the complaint may be warranted by existing law after such discovery. Simply put, the information available to TMSI was insufficient to particularize Count I of the complaint at this time. However, there are sufficient circumstances with respect to the cashing of huge amounts of unendorsed checks to warrant further investigation and to dispel the charge of bad faith.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The allegations in Count I do not sufficiently state a claim upon which relief can be granted. Count I shall be dismissed.

3. BNY's motion for sanctions is denied.

SETTLE ORDER on notice in accordance with the foregoing.