## LOYOLA MEDICAL PRACTICE PLAN, Plaintiff,

v.

## Patti A. TROMICZAK, Defendant,

## Patti A. TROMICZAK, Third–Party Plaintiff,

v.

## GENERAL AMERICAN LIFE INSURANCE, Third–Party Defendant.

### No. 98 C 3815.

United States District Court,
N.D. Illinois,
Eastern Division.

June 23, 1998.

Craig R. Houser of Grabowski & Clutts, Chicago, IL, for Plaintiff.

Theodore J. Jarz of McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, Joliet, IL, for Defendant.

Robert C. Von Ohlen, Jr. and Michael J. Vint of Kaplan, Begy & Von Ohlen, Chicago, IL, for Third–Party Defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Third–Party Defendant General American Life Insurance Company ("General American") has filed a Notice of Removal ("Notice"), reflecting its effort to bring this action brought by Loyola Medical Practice Plan ("Loyola") against sole defendant Patti Tromiczak ("Tromiczak") from the Circuit Court of Cook County to this federal district court. Because this Court's initial obligation in every action—whether filed here initially or brought here via removal-is to determine the existence or non-existence of federal jurisdiction, it has reviewed the Notice and all of the attached removal papers and has determined that subject matter jurisdiction is indeed lacking. Inasmuch as the jurisdictional defect is non-curable, this action is remanded sua sponte to the state court of origin.

Loyola has not chosen to sue General American—its October 1997 action against Tromiczak seeks to recover from her for some unpaid hospital and medical services. In turn, Tromiczak has recently third-partied General American into the state court lawsuit on the basis that General American has an obligation to indemnify her because it has contracted to provide insurance for such claims.

But 28 U.S.C. § 1441(a)[1] permits removal only "by the defendant or the defen-

---

1. All further references to Title 28 provisions will simply take the form "Section—."

dants," and General American's Notice is fatally flawed in that respect. Even if General American had "defendant" status for that purpose (which it does not, as will be made clear in an instant), Tromiczak's non-joinder in the Notice dooms it—as our Court of Appeals has stated succinctly in *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994)(citing two century-old Supreme Court decisions among other cases adhering to this well-established doctrine):

A petition for removal fails unless all defendants join it.

That omission might perhaps be viewed as a non-jurisdictional defect requiring a timely motion to remand by Loyola rather than sua sponte actions by this Court (*id.*). But any such approach would be highly problematic in this situation, where Tromiczak herself had no right to remove the action (clearly no federal question jurisdiction under Section 1331 or diversity jurisdiction under Section 1332 is implicated as between Loyola and Tromiczak) and where the Notice was not initiated until months after *she* was initially brought into the lawsuit.

 More fundamentally, it has long been settled that third-party defendants such as General American cannot remove actions on their own (*Thomas v. Shelton,* 740 F.2d 478, 486–87 (7th Cir.1984)). And the "separate and independent claim or cause of action" provision of Section 1441(c) on which General American seeks to rely in part (Notice ¶ 6)—perhaps in an effort to escape the vise of nonremovability clamped on it by cases such as *Thomas*—does not help it either. As the recent total revision of Moore's Federal Practice (3rd ed. 1998)("Moore's") states (16 Moore's § 107.11[1][c], at 107–31):

The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove. If the original defendant had no right to remove, or chose not to, an ancillary defendant should not be permitted to remove, absent express statutory authority. As in the case of counterclaims and cross-claims, third-party defendants are not *defendants*

within the meaning of the removal statute (subject to the caveats discussed in [a] *above* ).[2]

Accordingly, it is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)). As mandated by that statute, this action is sua sponte remanded to the Circuit Court of Cook County, Municipal Division. And as is permitted by this District Court's General Rule 30(B), the Clerk of Court is ordered to mail the certified copy of the remand order forthwith.

---

2. Those caveats do not apply here.