Reverend John D. STURMAN, etc., Plaintiff,

v.

RUSH–PRESBYTERIAN–ST. LUKE'S MEDICAL CENTER, et al., Defendants.

Lifesource Blood Services, Inc., Third Party Plaintiff,

v.

National American Red Cross, Third Party Defendant.

No. 01 C 116.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 8, 2001.

John G. Jacobs, Jay Edelson, The Jacobs Law Firm, Chtd., Chicago, IL, Valerie A. Leopold, Levy, Leopold & Associates, P.C., Chicago, IL, John Blim, Chicago, IL, for Plaintiff.

Eugene A. Schoon, Lory Barsdate Easton, Tamar B. Kelber, Sidley & Austin, Chicago, IL, for Defendant Rush–Presyterian–St. Luke's Medical Center.

H. Patrick Morris, Johnson & Bell, Ltd., Chicago, IL, John Parker Sweeney, Joseph W. Hovermill, Miles & Stockbridge, P.C., Baltimore, MD, for Defendant American Association of Blood Banks.

Michael T. Brody, Matthew G. Borgula, Jenner & Block, Chicago, IL, for Defendant Blood Systems, Inc.

Charles F. Redden, Pretzel & Stouffer, Chartered, Chicago, IL, Kevin Harkins, Cohen & Grigsby, Pittsburgh, PA, for Third–Party Plaintiff LifeSource Blood Services, Inc.

George A. Joseph, Kirkland & Ellis, Chicago, IL, for Third–Party Defendant The American National Red Cross.

## MEMORANDUM ORDER

SHADUR, Senior District Judge.

American National Red Cross ("Red Cross") has filed a putative Notice of Removal ("Notice"), seeking to bring this action from the Circuit Court of Cook County to this District Court. For the reasons briefly stated here, this Court sua sponte remands this action to its place of origin for lack of subject matter jurisdiction.

It is of course true that federal courts have original jurisdiction over actions against (as well as by) Red Cross, so that it has the right to bring into the federal court system any state court action in which it has been named as the defendant (*American National Red Cross v. S.G.*, 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992)). But the short answer here is that Red Cross is a third-party defendant, *not* the defendant, in this action. And this Court is among the large majority of federal courts that have consistently rejected removal proceedings sought to be instituted by such third-party defendants (see this Court's opinion in *Loyola Med. Practice Plan v. Tromiczak*, 10 F.Supp.2d 943 (N.D.Ill.1998) and authorities cited there, as well as 14C Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3731, at 254 & n.4 (3d ed.1998) and cases cited there).

Although that alone is enough to compel an immediate remand, it is also worth noting that Red Cross has said in Notice ¶ 10:

> Although consent to removal from co-defendants may not be necessary, ARC has discussed the issue with the defendants to State Action, and each of them has given its consent.

Under the circumstances this Court need not resolve the question whether, if Red Cross were indeed a defendant entitled to institute removal proceedings, it would be subject to the normal requirement that *all* defendants join in (or consent to) removal (*Phoenix Container, L.P. v. Sokoloff*, 253 F.3d 352, 353 (7th Cir.2000) and the century-old Supreme Court cases cited there for that proposition). But if that were so, our Court of Appeals has consistently held that consent to removal by a nonjoining defendant must be evidenced by a written confirmation by *that* defendant, not simply a statement to that effect by the removing party.

In all events, this Court orders this action remanded to the Circuit Court of Cook County. And in accordance with this District Court's LR 81.2(b), the Clerk of this District Court is ordered to mail the certified copy of the remand order forthwith.