### In re WILSON INDUSTRIES, INC., Petitioner.

### No. 89–2807.

United States Court of Appeals, Fifth Circuit.

Oct. 3, 1989.

---

Kenneth C. Engerrand, Brown, Sims, Wise & White, Houston, Tex., for petitioner.

Lynn N. Hughes, Houston, Tex., for respondents.

David W. Holman, Richard LaGarde, Fisher, Gallagher, Perrin & Lewis, Houston, Tex., for David A. Hippler.

Jeffrey H. Marsh, Mattingly & Marsh, Houston, Tex., for Services Equipment and Engineering, Inc.

Robert J. Rose, Sr., Hubert Oxford, III, Benckenstein, Oxford, Radford & Johnson, Beaumont, Tex., for Insurance Co. of North America.

Raymond T. Matthews, Michael Ross Thompson, Tekell, Book, Matthews & Limmer, Houston, Tex., and Robert L. Klawetter, Eastham, Watson, Dale & Forney, Houston, Tex., for Union Oil Co. of California.

Before POLITZ, JONES, and DUHE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

We decline to grant a writ of mandamus, and therefore sanction the remand of a case that had progressed for over 18 months in state court before a newly-joined third-party defendant removed it to federal court. This is not, however, a simple task. The district court's reasoning in ordering remand was deficient. Moreover, in attempting to remove the case, the third-party defendant has undoubtedly ordained further delay and significantly increased costs in the litigation. No other party to the action sought removal. The tail should not wag the dog in this fashion, and it is lamentable that the nuances of federal removal jurisdiction should have needlessly preoccupied the parties.

In the originally filed action, plaintiff Hippler sought damages for injuries from an accident he suffered when he fell to the deck of the floor of a drilling rig located on the Outer Continental Shelf. He joined three defendants, and pled among other things a cause of action for breach of a federal statutory duty pursuant to 43 U.S.C. § 1348. Long after the case commenced, one defendant, Union Oil Company of California, filed a third-party petition against Wilson Industries, Inc. seeking contribution and/or indemnity from Wilson.

Wilson promptly filed a petition for removal. Wilson alleged that the third-party petition stated a separate and independent claim or cause of action over which the federal court had original jurisdiction under 28 U.S.C. § 1331 and the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b)(1). Removal was allegedly based upon 28 U.S.C. § 1441(c),[1] inasmuch as our

---

1. § 1441(c) provides:
 Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of
 action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Court had previously held that a third-party defendant joined on a contractual indemnity claim may effect removal of the entire action to federal court. *Carl Heck Engineers v. LaFourche Parish Police*, 622 F.2d 133 (5th Cir.1980).[2]

The plaintiff and Union Oil sought remand. Shortly before the court's scheduled hearing on the motion to remand, Union Oil elected to drop its claim for indemnity against Wilson in an attempt to eliminate the "separate and independent claim" which justified removal pursuant to § 1441(c). *See Carl Heck Engineers, supra.* The district court liked Union Oil's suggestion, and the transcript of the hearing on the remand motion demonstrates that the district court felt that elimination of this claim provided an adequate basis for remand. Later, in a written order denying reconsideration of the motion to remand, the district court elaborated upon its reasoning and further sought to justify remand according to the Supreme Court's recent decision in *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). The court read *Cohill* to stand for the proposition that:

> Once the predicate for removal has been eliminated, the removal statute does not prohibit the court from remanding a case that was properly removed for resolution of the pendent claims [citing *Cohill*]. Similarly, the court has discretion to remand a case where the removal was based upon a claim later abandoned, despite the pendency of federal claims in the principal action. In exercising this discretion, the court considers principles informing the pendent jurisdiction doctrine: economy, convenience, fairness, and comity.

■ Although mandamus is an extraordinary remedy, it may be granted to vacate a remand order which is based on reasons not authorized by statute. 28 U.S.C. § 1447(d); *See Thermtron Products, Inc.*

*v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). The principle to which *Thermtron* speaks is that if a district court premises remand upon a ground not authorized by statute, such as the court's crowded docket, mandamus will lie. If the lower court's mistake rests on a misinterpretation of the remand statute, the extraordinary remedy is not appropriate. *See In re Greyhound Lines, Inc.*, 598 F.2d 883 (5th Cir.1979).[3] In this case, the district court erred on two fronts.

■ First, at the hearing, the district court indicated that remand could be granted because Union Oil had agreed to withdraw its claim for indemnity against Wilson Industries and was thus eliminating the separate and independent claim upon which removal was based. This was error. With one exception discussed below, it has long been held that a plaintiff may not precipitate a remand of an action by amending the complaint to eliminate the basis for removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see Boelens v. Redman Homes, Inc.*, on reh. 759 F.2d 504, 506–07 (5th Cir.1985). We see no reason why such authority should not also extend to a third-party plaintiff's attempt to amend. Thus, the district court acknowledged that it *had* jurisdiction, but it purported to remand anyhow in the exercise of a discretion it did not possess.

The one exception to that rule, cited by the district court in its order on motion for reconsideration, is inapposite to this case. In *Carnegie–Mellon University v. Cohill, supra*, the Supreme Court held that a district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based. The Court found that neither 28 U.S.C. §§ 1447(c) nor 1441(c) governed the possibility of remand in such a situation and, consequently, that the doctrine of *Therm-*

---

**2.** As will be seen, we agree with the contention of Hippler and Union Oil that *Carl Heck Engineers* is distinguishable from this case.

**3.** The Supreme Court in *Cohill* overruled *Greyhound Lines* to the extent *Greyhound* held that

the district court could not remand a pendent state-law-based claim. *Cohill*, 108 S.Ct. at 619. The Supreme Court's opinion did not question the *Greyhound Lines* articulation of the grounds for mandamus concerning remand orders.

tron did not apply. The Court's decision is, however, specifically limited to cases involving pendent state law claims. 484 U.S. at 355, 108 S.Ct. at 621, n. 11. As the Court noted,

> "*in Thermtron, the District Court had no authority to decline to hear the removed case.* The court had diversity jurisdiction over the case, which is not discretionary. Thus, the district court could not properly have eliminated the case from its docket, whether by a remand or a dismissal. In contrast, when a removed case involves pendent state-law claims, a district court has undoubted discretion to decline to hear the case ...
> *Id.* at 356, 108 S.Ct. at 621–22 (emphasis added).

Here, Hippler had identified one cause of action founded on breach of federal law, and moreover, the federal court had jurisdiction over his lawsuit under the Outer Continental Shelf Lands Act. 43 U.S.C. § 1349(b)(1). The district court could no more decline to hear these federal actions, if it properly obtained jurisdiction over them,[4] than could the court in *Thermtron.* Thus, the purported analogy with *Cohill* fails, and the "discretionary" decision to remand must fail likewise.

 We nevertheless decline to issue the writ because we conclude that Union Oil's tort indemnity claim was not "separate and independent" from the main personal injury case. Thus, to grant a writ of mandamus, where the district court's decision can be upheld for reasons he did not articulate, would be capricious and not in accord with the narrow focus of the writ. The present case can be distinguished from *Carl Heck Engineers.* In *Carl Heck Engineers,* a typical construction contract case, the source of the third-party defendant's liability was an indemnity provision in a contract with the third-party plaintiff. The claim alleged in the third-party complaint arose from this separate and independent

contractual obligation. The same is true of the cases relied on by *Carl Heck Engineers. E.g., Bond v. Doig,* 433 F.Supp. 243 (D.N.J.1977); *Wayrynen Funeral Home, Inc. v. J.G. Link & Co.,* 279 F.Supp. 803 (D.Mont.1968); *Rafferty v. Frock,* 135 F.Supp. 292 (D.Md.1955).

In contrast, the liability of Wilson Industries is not premised on a separate and independent obligation, but on an allegation that Wilson's negligence rather than Union Oil's conduct was the true cause of plaintiff's injuries. In such cases, courts have consistently held that there is no separate and independent claim under § 1441(c). *E.g., Soper v. Kahn,* 568 F.Supp. 398 (D.Md.1983); *Murjani v. Allstate Insurance Co.,* 679 F.Supp. 601 (M.D.La.1988); *see also American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) (where there is but a single wrong to the plaintiff for which recovery is sought, there is no separate and independent claim).

These two lines of cases were effectively reconciled in *Marsh Investment Corp. v. Langford,* 494 F.Supp. 344 (E.D.La.1980), aff'd per curiam, 652 F.2d 583 (5th Cir. 1981). The *Marsh* court, attempting to apply *Carl Heck Engineers,* concluded that where a third-party complaint seeks indemnity based on a claim that the third-party defendant caused plaintiff's injuries, there is no separate and independent claim. *Id.* at 349. On the other hand, where the third party complaint seeks indemnity based on a separate obligation owed to the defendant (such as a contractual indemnity obligation), there is a separate and independent claim. *Id.* at 350. This persuasive reasoning has been relied on by at least two other district courts. *Murjani, supra; Soper, supra. See* discussion in C. Wright, A. Miller & E. Cooper, 14 A Federal Practice & Procedure § 3724 (1985 ed.)

---

**4.** We need not rule on another reading of § 1441(c), not raised by the parties, whereby it might be argued that even if Union Oil's indemnity claim is "separate and independent" from Hippler's personal injury action, that action was not "non-removable" because it alleged breach of a federal statute and could support federal jurisdiction pursuant to OCSLA. Section

1441(c), however, authorizes removal only if the separate and independent claim is "joined with one or more otherwise non-removable claims or causes of action." This nicety of the removal statute has not, so far as we have ascertained, been considered before. Fortunately, we can justify remand on another basis.

Applying *Marsh* to the present case, it appears that there is no separate and independent claim, so the case was properly remanded.

The petition for writ of mandamus is *DENIED*.