Martha Reynolds ANDERSON, Plaintiff;

v.

TRANSAMERICA SPECIALTY INSURANCE COMPANY, et al., Defendants and Third–Party Plaintiffs;

v.

DEPARTMENT of VETERANS' AFFAIRS; Third–Party Defendant.

Civ. A. No. G–92–231.

United States District Court, S.D. Texas, Galveston Division.

Oct. 21, 1992.

Norwood J. Ruiz, Law Offices of Norwood J. Ruiz, Galveston, Tex., for plaintiff.

Robert C. Tarics, Jane Cooper–Hill, Bonham, Carrington & Fox, Houston, Tex., Don David Martinson, Fanning Harper & Martinson, Dallas, Tex., for Transamerica Specialty Ins. Co.

Robert C. Tarics, Bonham, Carrington & Fox, Houston, Tex., for Crawford and Co.

Daniel D. Hu, Asst. U.S. Atty., Houston, Tex., for Department of Veteran Affairs.

## ORDER

KENT, District Judge.

Before the Court is Plaintiff's Motion to Remand. For the reasons stated below, the Court is of the opinion that the motion should be GRANTED.

### I.

Plaintiff originally filed this action in Texas state court seeking to recover certain insurance policy proceeds and asserting other state-law statutory and common-law causes of action. Thereafter, Defendants filed a Third–Party Complaint against the Department of Veterans' Affairs ("VA") seeking contribution and indemnity and asserting that, should Defendants be found liable, VA would be unjustly enriched because Defendants had already tendered payment to VA for the loss sustained by Plaintiff. Subsequently, VA removed to this Court. Plaintiff now moves to remand.

### II.

VA argues that this case was properly removed pursuant to 28 U.S.C. § 1441(c) which provides

> [w]henever a separate and independent claim or cause of action with the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Thus, the Court is initially faced with two questions: whether the third-party claim is a "separate and independent claim" within the meaning of section 1441(c); and, if so, whether this Court could have exercised jurisdiction over this claim had it originally been filed in this Court.

### A.

In this circuit a third-party action for contribution and indemnity may constitute a separate and independent claim for purposes of section 1441(c) if the third-party complaint seeks indemnity based on a separate legal obligation owed by the third-party defendant to the third-party plaintiff, such as a contract of indemnity. *In re Wilson Indus., Inc.*, 886 F.2d 93, 96 (5th Cir.1989). If, however, the third-party complaint seeks indemnity based on an allegation that the third-party defendant's actions caused the plaintiff's injuries, there is no separate and independent cause of action. *Id.*

In the instant case, although it is not entirely clear, Defendants' Third–Party Complaint appears to allege that Defendants transferred monies to VA based on the incident underlying Plaintiff's claims; that this transfer was all that was legally required of Defendants under the insurance contract at issue; and that, to the extent that Plaintiff has suffered a legally redressable injury, such injury was caused by the wrongful conduct of VA in refusing to tender those monies to Plaintiff. In short, Defendants' third-party claim is that VA's actions caused Plaintiff's injuries.[1] Therefore no separate and independent cause of action exists and this case was improperly removed.

1. Even if this summary is not entirely correct, it is clear from Defendants' Third–Party Complaint that the basis of Defendants' claim is not a separate and independent legal obligation allegedly owed by VA to Defendants.

2. In a separate Motion to Dismiss, which the Court does not reach, VA argues that it cannot be sued *eo nomine,* and that the only proper Defendant is the Secretary of Veterans Affairs. In the Court's view, the "sue and be sued" clause of 38 U.S.C. § 3720 makes any distinction between the agency and its head acting in his official capacity irrelevant. *Loeffler v. Frank,*

### B.

Thus, the Court need not consider whether it could have exercised original jurisdiction over the third-party claim. The Court, however, notes its disagreement with VA's contention that this action is removable under section 1441 because this Court has original subject-matter jurisdiction pursuant to 38 U.S.C. § 3720, which allows the Secretary of the Veterans' Administration to sue and be sued in both state and federal court.[2]

As noted below, the Court does not believe that section 3720 is a grant of jurisdiction. However, even assuming that it is a grant of jurisdiction, this fact will not support removal under 28 U.S.C. § 1441(c). As recently amended, section 1441(c) provides for the removal only of those separate and independent claims over which a district court could have exercised original jurisdiction pursuant to 28 U.S.C. § 1331. A district court may exercise jurisdiction pursuant to section 1331 only if a federal question appears on the face of the plaintiff's well-pleaded complaint or if the plaintiff's state-law claim is preempted by federal law. *See, e.g., Caterpillar Inc. v. Williams,* 482 U.S. 386, 392–93, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). Thus, even if section 3720 is a grant of jurisdiction, that fact only authorizes a district court's exercise of jurisdiction under that section; it does not authorize the exercise of jurisdiction under section 1331. Only if Defendants' claim for contribution and indemnity were governed by federal law could this Court potentially exercise jurisdiction under section 1331.[3]

486 U.S. 549, 562 n. 8, 108 S.Ct. 1965, 1973 n. 8, 100 L.Ed.2d 549 (1988). Moreover, as noted below, this issue does not affect the resolution of the instant motion.

3. Holding as it does, the Court need not address this issue. The Court notes, however, that Plaintiff's claim is to recover the proceeds of an insurance contract whose terms are governed by Texas law. Thus, at first blush, it would appear that the third-party claim for contribution and indemnity, which also arises under Texas law, is controlled by state law.

Additionally, the Court notes that the case relied on by VA to support removal is wholly inapposite. In *Crowel v. Administrator of Veterans' Affairs*,[4] the plaintiff brought suit in state court and the Administrator removed under 28 U.S.C. § 1442(a)(1), which allows removal of suits against federal officers. On appeal, a Seventh Circuit panel held that because the state court had original subject matter jurisdiction, the action was removable pursuant to section 1442(a)(1).

*Crowel*, however, does not help VA at all. First, as noted above, this Court agrees with the Seventh Circuit that section 3720 is a waiver of sovereign immunity only and not a grant of jurisdiction. *Western Sec. Co. v. Derwinski*, 937 F.2d 1276, 1279 (7th Cir.1991). Thus, while section 3720 is sufficient, without more, to allow a state court of general jurisdiction to exercise jurisdiction over the Secretary of Veterans' Affairs, it is not sufficient to allow a court of limited jurisdiction, such as this Court, to exercise jurisdiction. *Id.* at 1279.

Moreover, even assuming the correctness of VA's argument that it cannot be sued *eo nomine* and that the Secretary is the only proper Defendant,[5] and further assuming that the Secretary is substituted as a party following remand, the Secretary will be unable to remove pursuant to section 1442(a)(1). As the law now stands, a suit against the head of a federal agency in his official capacity only is considered a suit against the government itself. *Loeffler v. Frank*, 486 U.S. 549, 562 n. 8, 108 S.Ct. 1965, 1973 n. 8, 100 L.Ed.2d 549 (1988). While suits against federal officers in their individual capacities are removable under section 1442(a)(1), suits against federal agencies, including suits against the heads of agencies in their official capacities, are not. *Western Sec. Co. v. Derwinski, supra*, 937 F.2d at 1278-79.

### III.

Therefore, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and

DECREED that Plaintiff's Motion to Remand is GRANTED for lack of subject matter jurisdiction, and this action is REMANDED to the state court from whence it came.

It is further ORDERED that as this Order disposes of the action in this Court, all motions still outstanding are NOT REACHED.

It is further ORDERED that the parties file no further pleadings in this action in this Court.

It is further ORDERED that each party bear her or its own taxable costs and attorney's fees.

IT IS SO ORDERED.

THIS IS A FINAL JUDGMENT.

---

4. 699 F.2d 347 (7th Cir.1983).

5. *See supra* note 2.