Becky **JOHNSTON**, Plaintiff,

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY**, Defendant/Third–Party Plaintiff,

v.

**Heartland Express, Inc. of Iowa**, Third–Party Defendant.

No. 00–74313.

United States District Court,
E.D. Michigan,
Southern Division.

March 20, 2001.

Ronald J. Gricuis, Mt. Clemens, MI, for plaintiff.

Peter A. Angelas, Southfield, MI, Thomas G. Cardelli, Royal Oak, MI, for defendant.

*OPINION AND ORDER OF REMAND*

ROSEN, District Judge.

On January 10, 2001, this Court issued an Order to Show Cause, directing Third–Party Defendant Heartland Express, Inc. ("Heartland") to identify a proper basis for its removal of this entire action to this Court, including both the principal and third-party complaints. As noted in the January 10 Order, the weight of authority indicates that third-party defendants are not "defendants" within the meaning of 28 U.S.C. § 1441(a), so that Heartland may not invoke this provision to remove this case from state to federal court.[1]

On January 22, 2001, Heartland filed a response to the January 10 Order. Heartland acknowledges the authority distinguishing between principal and third-party defendants under § 1441(a), but nevertheless urges this Court to follow those few (and generally older) decisions where third-party defendants have been deemed "defendants" under this statute. *See, e.g., Mignogna v. Sair Aviation, Inc.*, 679 F.Supp. 184, 189 (N.D.N.Y.1988); *Soper v. Kahn*, 568 F.Supp. 398, 402 (D.Md.1983); *Ford Motor Credit Co. v. Aaron–Lincoln Mercury, Inc.*, 563 F.Supp. 1108, 1112–14 (N.D.Ill.1983).[2] The courts in these cases

---

1. In addition, the Court's January 10 Order explained that 28 U.S.C. § 1441(c) does not provide a basis for removal here, as this provision cannot apply absent a "separate and independent claim" within this Court's federal question jurisdiction. No such claim has been asserted in either the principal or the third-party complaint.

2. To be accurate, these cases hold that a third-party defendant may remove an action

reasoned that a third-party defendant, like a principal defendant, has been "haled into court involuntarily and must defend an action for relief against it," and that, as a matter of fairness, such "defendants"—whether principal or third-party—should be treated equally under the removal statute. *See Ford Motor Credit Co.,* 563 F.Supp. at 1113.

Whatever might be said about this result as a matter of policy, the Court finds itself constrained to follow the majority view that third-party defendants may not remove under § 1441(a). In resolving this issue, the Court is guided by the general principle that federal courts are courts of limited jurisdiction, and the necessary corollary that jurisdictional statutes are to be strictly construed. *See Salei v. Boardwalk Regency Corp.,* 913 F.Supp. 993, 1007–09 (E.D.Mich.1996). Adherence to these principles is particularly demanded in the context of removal, where considerations of comity play an important role. *Salei,* 913 F.Supp. at 1008–09. Accordingly, in this case, the term "defendant" in § 1441(a) should be given its ordinary meaning, absent some compelling reason for concluding otherwise. Heartland, therefore, must identify some basis for treating principal and third-party defendants as synonymous under § 1441(a), where those terms typically are understood as referring to distinct parties. *See, e.g.,* Fed.R.Civ.P. 14(a) (defining a "third-party defendant" as a party brought into an action by "a defending party, as a third-party plaintiff").

As noted above, some courts have reasoned that both principal and third-party defendants should be encompassed by the "defendant" language of § 1441(a), because both are "haled into court involuntarily," so that both should have the same opportunity to choose the federal forum. Although these parties admittedly are similar in this respect, this Court can see at least two reasons why Congress might have wished to confer the power of removal on the former but not the latter. First, removal by the principal defendant displaces the chosen forum of only one party, the principal plaintiff, while removal by a third-party defendant threatens to overcome the state-court preferences of both the principal plaintiff *and* the principal defendant. Here, for example, principal Defendant St. Paul Fire and Marine Insurance Company, a Minnesota corporation with its principal place of business also in Minnesota, could have exercised its power to remove the initial case to this Court, given its diversity of citizenship from the principal Plaintiff, a Michigan resident. St. Paul's inaction presumably reflects a preference for the state-court forum selected by Plaintiff. Congress reasonably might have concluded that federal interests might justify displacing the forum selection of the principal plaintiff, but not the preferences of *all* of the parties to the initial complaint.

Next, the strict 30–day time limit for removal, *see* 28 U.S.C. § 1446(b), presumably reflects congressional concern that, as a matter of judicial economy, a case should not be permitted to proceed too far in state court before being removed to federal court. Removal by a third-party defendant, however, would upset this balance by

under § 1441(c), and not subsection (a) of this statute. Nevertheless, in so ruling, the courts construed the "defendants" language of subsection (a) as encompassing third-party defendants. Upon surveying these cases and noting this "dicta," another District Court in

this Circuit aptly observed that "[t]here is no authority for removal by third-party defendant[s] ... under § 1441(a)." *Brookover Financial Servs., Inc. v. Beckley,* 56 F.Supp.2d 782, 787 (W.D.Ky.1999).

creating an open-ended window of opportunity for removal, triggered by the indefinite and uncertain date upon which a third-party complaint might be filed.[3] Again, the present case serves as a good example, where the principal complaint was filed on January 12, 2000, and the third-party complaint was filed seven months later, on August 18, 2000.

In light of these concerns with treating principal and third-party defendants alike for purposes of removal under § 1441(a), this Court declines to make the policy judgment urged by Heartland. There is no evidence that Congress made such a judgment and, as set forth above, there are strong reasons not to construe congressional silence as tacit approval of third-party defendant removal, particularly where the removal statute itself confers this right only upon "defendants." More generally, even if it were free to decide this issue on the basis of policy, this Court shares the concern of other courts that removal triggered by a third-party claim is "too much akin to the tail wagging the dog." *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir.1991). Consequently, this Court joins the weight of authority cited in its January 10 Order, and holds that Third–Party Defendant Heartland lacked the power to remove the present action to this Court.

For these reason,

NOW, THEREFORE, IT IS HEREBY ORDERED that this action be REMANDED to St. Clair County Circuit Court,

State of Michigan under 28 U.S.C. § 1447(c) as improperly removed.

---

**3.** Indeed, this result seemingly is compelled by the recent Sixth Circuit ruling cited by Heartland, *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir.1999). In *Brierly*, the Sixth Circuit held that, in cases with multiple defendants served at multiple times, the last-served defendant enjoys the full 30–day period set forth at 28 U.S.C. § 1446(b) to remove to federal court. If, as Heartland contends, a third-party defendant should be treated as a "defendant" under § 1441(a), it follows that this same treatment would be required under § 1446(b), with a new 30–day opportunity for removal arising with each addition of a new party through the filing of a third-party complaint.