**BJB COMPANY, Plaintiff,**

**v.**

**COMP AIR LEROI, Defendant/Third–Party Plaintiff,**

**v.**

**Silvan Industries, Inc., et al.,
Third–Party Defendants.**

**No. Civ.A. 5:01–CV–122–C.**

United States District Court,
N.D. Texas,
Lubbock Division.

June 14, 2001.

Dick Alexander, Lubbock, TX, for plaintiff.

R. Lynn Fielder, Fisk & Fielder, P.C., Dallas, TX, for defendants.

## ORDER

CUMMINGS, District Judge.

On this day the Court considered Plaintiff, BJB Company's Motion to Remand, filed May 18, 2001. Third–Party Defendant Silvan Industries, Inc. filed a Memorandum in Opposition to Plaintiff's Motion to Remand on June 7, 2001. After consideration of the relevant argument and evidence, the Court **GRANTS** Plaintiff's Motion to Remand.

## I.

### BACKGROUND

The instant action was filed on June 29, 2000, by Plaintiff against Defendant, Comp Air Leroi, in the 106th District Court of Garza County, Texas. Almost one year later, on March 14, 2001, Defendant filed a Third–Party Petition in the 106th District Court in and for Garza County, Texas, against Third–Party Defendant, Silvan Industries, Inc. ("Silvan"), alleging that Silvan was liable to Defendant/Third–Party Plaintiff for indemnification against Plaintiff's claims. On March 23, 2001, Defendant/Third–Party Plaintiff filed an Amended Third–Party Petition alleging additional indemnity claims against Third–Party Defendants Techne International, Techne International, Inc., and Techne International, Ltd. Subsequently, Silvan filed a Notice of Removal on April 19, 2001, removing the action to this Court, alleging diversity of citizenship under 28 U.S.C. § 1332. Thereafter Plaintiff filed the instant Motion to Remand.

## II.

### DISCUSSION

The Court finds the removal of the instant action to be improvident and unauthorized under either 28 U.S.C. § 1441(a) or (c).

### A. 28 U.S.C. § 1441(a)

28 U.S.C. § 1441(a) provides that:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

■ The question thus arises whether third-party defendants may be considered "defendants" within the meaning of § 1441(a). For guidance on this issue, courts have turned to the Supreme Court's instructive opinion in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). There, the Court concluded the counter-defendant/plaintiff was not a "defendant" under § 1441(a) and instructed courts to construe § 1441 strictly. *Id.* at 108–09, 61 S.Ct. 868.

While circuit courts have not directly addressed the issue of whether § 1441(a) permits removal by third-party defendants, district courts throughout the country have, in relative unison, determined that third-party defendants are not defendants within the meaning of § 1441(a), often citing to the Supreme Court's admonition in *Shamrock* to strictly construe § 1441. *See Johnston v. St. Paul Fire & Marine Ins. Co.*, 134 F.Supp.2d 879, 880 (E.D.Mich.2001); *Sturman v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 128 F.Supp.2d 1141, 1142 (N.D.Ill.2001); *Estate of Pilsnik v. Hudler*, 118 F.Supp.2d 905 (E.D.Wis.2000); *Brookover Fin. Servs., Inc. v. Beckley*, 56 F.Supp.2d 782, 787 (W.D.Ky.1999); *Galen–Med, Inc. v. Owens*, 41 F.Supp.2d 611, 614 (W.D.Va.

1999); *Loyola Med. Prac. Plan v. Tromic-zak,* 10 F.Supp.2d 943, 943–44 (N.D.Ill. 1998); *Wormley v. S. Pac. Transp. Co.,* 863 F.Supp. 382, 386 (E.D.Tex.1994); *Starr v. Prairie Harbor Dev. Co., Inc.,* 900 F.Supp. 230, 232 (E.D.Wis.1995); *Kaye Assocs. v. Bd. of Chosen Freeholders—Cnty. of Gloucester,* 757 F.Supp. 486, 487–90 (D.N.J.1991); *Easton Fin. Corp. v. Allen,* 846 F.Supp. 652, 653–54 (N.D.Ill.1994); *Hayduk v. United Parcel Serv., Inc.,* 930 F.Supp. 584 (S.D.Fla.1996); *Jefferson v. Cardoza,* 139 F.R.D. 561 (D.Mass.1991); *Schmidt v. Ass'n of Apt. Owners of Marco Polo Condo.,* 780 F.Supp. 699 (D.Hawai'i 1991); *Univ. of Chi. Hosp. & Med. Ctr. v. Rivers,* 701 F.Supp. 647 (N.D.Ill.1988); *Elsis v. Hertz Corp.,* 581 F.Supp. 604 (E.D.N.Y.1984); *Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107 (E.D.Pa.1982); *Knight v. Hellenic Lines, Ltd.,* 543 F.Supp. 915 (E.D.N.Y.1982); *Friddle v. Hardee's Food Sys., Inc.,* 534 F.Supp. 148 (W.D.Ark.1981); *Fiblenski v. Hirschback Motor Lines, Inc.,* 304 F.Supp. 283 (E.D.Ark.1969); *White v. Baltic Conveyor Co.,* 209 F.Supp. 716 (D.N.J.1962). This view is further supported by MOORE's FEDERAL PRACTICE. 16 § 107.11[1][b][iv] (3d ed.1997).

The logic in denying third-party defendants an opportunity to remove an action from state court was aptly stated in *Lowe's of Montgomery, Inc. v. Smith,* 432 F.Supp. 1008, 1012 (M.D.Ala.1977). Allowing removal by a third-party defendant brings into a federal court a suit between the original parties which has no independent basis for federal jurisdiction. This is an unwarranted extension of the federal judicial power. *Id.* Thus, permitting third party removal allows a party unconnected with the original action to force the plaintiff into the federal forum despite any possible efforts to plead out of federal court.

Silvan cites to *Central of Georgia Railway Co. v. Riegel Textile Corp.,* 426 F.2d 935 (5th Cir.1970), to support its proposition that removal is proper under § 1441(a). The Court, however, finds *Riegel* distinguishable from the instant action. In *Riegel,* the Fifth Circuit considered whether a third-party defendant to an action in which the third-party complaint was severed from the original action could properly remove the third-party action to federal court. *Id.* at 936. In that limited instance, the Fifth Circuit determined that removal was proper because the defendant in the severed action was "as much a defendant as if an original action had been brought against him." *Id.* at 938.

█ The Court agrees that under the limited circumstances of *Riegel,* a third-party defendant has a right of removal. However, as stated above, *Riegel* is different from the instant action. In the instant action the third-party claim has not been severed from the original plaintiff's claims. Therefore, the Court finds *Riegel* inapplicable and instead follows the wealth of cases determining that third-party defendants do not come within the meaning of "defendant" under § 1441(a).

## B. 28 U.S.C. § 1441(c)

There has been some confusion among the circuit courts of appeals regarding whether actions brought against third-party defendants may be removed to federal district court. The Fifth Circuit first examined the issue in *Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980). In *Carl Heck,* the Fifth Circuit considered whether a third-party defendant may properly remove an action under 28 U.S.C. § 1441(c), which at that time stated

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined

with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1980). The defendant in *Carl Heck* alleged an indemnity action against a third-party defendant. The third-party defendant subsequently sought removal of the entire action to federal district court. In affirming the district court decision to permit the removal, the Fifth Circuit determined that the third party alleged a separate and independent claim which was independently removable.

Subsequently in 1991 the language of 28 U.S.C. § 1441(c) was changed to the present language, which states:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (2000). The revised version of § 1441(c) effectively eliminated claims based upon diversity from those removable under § 1441(c).

The change was noted in the Northern District of Texas in 1992 in *Gracia v. Irvine*, 1992 WL 150093 (N.D.Tex. June 10, 1992). In *Gracia*, Judge Mahon determined that the statutory change in § 1441(c) precluded diversity actions from being removed, superseding the Fifth Circuit's determination in *Carl Heck. Id.* at *2. Since then, the closest the Fifth Circuit has come to affirming its *Carl Heck* decision following the 1991 change to § 1441(c) is its decision in *Bd. of Regents of Univ. of*

*Tex. System v. Walker*, 142 F.3d 813, 823 (5th Cir.1998). In *Walker*, the Fifth Circuit determined that counter-defendants may remove an action under § 1441(c) and cited with approval the court's earlier decision in *Carl Heck*.

The Court finds the Fifth Circuit's decision in *Walker*, while approving of its holding in *Carl Heck*, distinguishable. First, the *Walker* decision does not address the issue of third-party defendant removal. Second, the decision in *Carl Heck* may continue to be cited with approval because the opinion remains good law with regard to third party removal of actions based upon federal question jurisdiction.

■ The Court therefore finds that removal of an action based upon diversity of citizenship under 28 U.S.C. § 1332 is inappropriate under 28 U.S.C. § 1441(c). The decision of Judge Mahon correctly states the law as amended in 1991.

### III.

#### CONCLUSION

Because the instant action was removed improvidently and without jurisdiction under either 28 U.S.C. § 1441(a) or (c), this action is **REMANDED** to the 106th Judicial District Court in and for Garza County, Texas. A certified copy of this order shall be mailed by the Clerk of this Court to the District Clerk of Garza County, Texas.

SO ORDERED.