**H & H TERMINALS, LC aka H & H Terminals, LLC, Plaintiff/Counter-Defendant,**

v.

**R. RAMOS FAMILY TRUST, LLP aka R. Ramos Family Trust, LLP, and Raul Ramos, Defendants/Counter-Plaintiffs and Third–Party Plaintiffs/Third–Party Counter-Defendants,**

v.

**Driggers Real Estate Services, Inc., d/b/a Century 21 APD Associates, and RJL Real Estate Consultants, LLC, Third-Party Defendants/Third-Party Counter-Plaintiffs.**

No. EP–08–CV–435–DB.

United States District Court,
W.D. Texas,
El Paso Division.

July 6, 2009.

David R. Pierce, Law Office of David Pierce, El Paso, TX, for Plaintiff/Counter–Defendant.

David Moises Mirazo, Brown McCarroll, L.L.P., El Paso, TX, for Defendants/Counter–Plaintiffs and Third–Party Plaintiffs/Third–Party Counter–Defendants.

Henry C. Hosford, Baskind & Hosford, P.C., Todd Elliott Marshall, Ray, Valdez, McChristian & Jeans, PC, El Paso, TX, for Third–Party Defendants/Third–Party Counter–Plaintiffs.

### MEMORANDUM OPINION AND ORDER

DAVID BRIONES, District Judge.

On this day, the Court considered Third–Party Defendants Driggers Real Estate Services, Inc. ("Century 21 APD") and RJL Real Estate Consultants, LLC's ("RJL") "Joint Motion For Remand By Third–Party Defendants," filed in the above-captioned cause on April 7, 2009. On April 20, 2009, Defendants R. Ramos Family Partners, L.P. and Raul Ramos filed a Response, to which Third–Party Defendants filed a Reply on April 30, 2009. After due consideration, the Court is of the

opinion that the instant Motion should be denied for the reasons that follow.

## BACKGROUND

The instant case concerns the sale of real property owned by Defendants to Plaintiff H & H Terminals, LC. Defendants are citizens of Texas; Plaintiff is a citizen of Michigan. On October 20, 2008, Plaintiff filed its Original Petition in the 488th Judicial District Court in El Paso County, Texas ("state court"). On November 5, 2008, Defendants timely filed a Notice of Removal in federal court. Therein, Defendants argued that the Court has original jurisdiction over the instant action because the Parties are completely diverse and the amount-in-controversy exceeds $75,000. *See* 28 U.S.C.A. § 1332(a) (West 2006). Plaintiff did not file a motion to remand the case to state court.

On February 26, 2009, Defendants filed their First Amended Answer, Counterclaim and Third–Party Petition, in which Century 21 APD and RJL were named as Third–Party Defendants. Century 21 APD is a Texas corporation whose principal place of business is El Paso, Texas. RJL is a limited liability company organized under the laws of the State of Texas whose principal place of business is El Paso, Texas. RJL and Century 21 APD were served with Defendants' Third–Party Petition on March 9 and 10, 2009. On March 30, 2009, Third–Party Defendants filed their Original Answer and Counterclaim against Defendant. The instant Motion followed.

## AUTHORITIES

▉ Title 28, section 1441 of the U.S.C., the general removal statute, allows a defendant to remove a case to the federal district court for the district and division within which the action is pending, provided that the district court possesses original jurisdiction. 28 U.S.C.A. § 1441(a) (West 2006). A federal district court possesses original jurisdiction if the parties could have initially filed in federal court pursuant to 28 U.S.C. §§ 1331–1334. Title 28, section 1332(a) of the U.S.C. confers jurisdiction on district courts over civil actions between citizens of different states where the amount-in-controversy exceeds $75,000. 28 U.S.C.A. § 1332(a). For jurisdiction to exist under § 1332, diversity must be complete in that no plaintiff and no defendant may be citizens of the same state. *Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). As a general rule, the burden of proving that federal jurisdiction exists falls on the removing party. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).

Section 1446 establishes the procedures by which a defendant may remove a suit filed in state court to federal court. *See* 28 U.S.C.A. § 1446 (West 2006). A notice of removal must normally be filed within thirty (30) days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within thirty (30) days of service of summons if the state's rules of procedure do not require the defendant to be served, whichever period is shorter. § 1446(b). However, the case stated by the initial pleading may not be removable, because, for example, it fails to allege facts that would provide a district court with subject matter jurisdiction. In such a case, the thirty-day clock to file a notice of removal does not start until the defendant receives a copy of an amended pleading, motion, or other paper that sets forth facts establishing that the cause is removable. § 1446(b).

Similarly, 28 U.S.C. § 1447 establishes the procedures following removal. Specifically, § 1447 provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the

filing of the notice of removal...." *See* 28 U.S.C.A. § 1447(c) (West 2006). In contrast, if a court finds that it lacks subject matter jurisdiction, the court must remand the case, even if the thirty (30) days have passed. § 1447(c).

## DISCUSSION

In the instant Motion, Third–Party Defendants seek to remand the instant cause to state court pursuant to 28 U.S.C. §§ 1441(b) and 1448. Specifically, Third–Party Defendants first argue that removal was inappropriate under the forum defendant rule, as Defendants are citizens of Texas. Second, Third–Party Defendants assert that § 1448 grants third-party defendants the right to move for remand. Further, Third–Party Defendants assert that the instant Motion is timely filed because they filed it within thirty (30) days of being served. Alternatively, Third–Party Defendants urge the Court to *sua sponte* remand the instant case.

Defendants respond that the citizenship of Defendants is not a jurisdictional defect that can be raised at this time; rather, it is a procedural defect that was waived by Plaintiff's failure to move for remand within thirty (30) days of removal. Defendants further contend that Third–Party Defendants have no right to move for remand and that, even if they had such a right, the instant Motion is untimely. The Court agrees with Defendants and will address

Third–Party Defendants' arguments in turn.

## A. Forum Defendant Rule

■ Section 1441(b) provides that any civil action over which district courts have original jurisdiction solely through § 1332—diversity of citizenship—is not removable if a defendant is a citizen of the state in which the action is brought. 28 U.S.C.A. § 1441(b) (West 2006). This is often referred to as the "forum defendant rule." *In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 391 (5th Cir.2009). A majority of courts, including the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"), has determined that this rule is procedural and not jurisdictional.[1] *See id.* at 392. Accordingly, the forum defendant rule can be waived if a party does not object to removal within the requisite thirty (30) days.[2] *Id.* at 395 (stating that "where there is improper removal, the pertinent question is whether the removed action could have been filed originally in federal court"); *In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir.1991); *see* § 1446(b).

Here, Defendants are citizens of Texas and sought removal of the instant case from state court to a federal court sitting in Texas. Such a removal violates § 1441(b). Plaintiff, however, did not move to remand within thirty (30) days

---

1. *See Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933, 939 (9th Cir.2006); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 50 n. 2 (2d Cir.2000) (describing a violation of the forum defendant rule as a waivable "procedural defect"); *Hurley v. Motor Coach Indus., Inc.,* 222 F.3d 377, 380 (7th Cir.2000) (same); *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1372 n. 4 (11th Cir.1998) (same); *Korea Exch. Bank v. Trackwise Sales Corp.,* 66 F.3d 46, 50 (3d Cir.1995) (same); *Farm Constr. Servs., Inc. v. Fudge,* 831 F.2d 18, 22 (1st Cir.1987); *Woodward v. D.H. Overmyer Co., Inc.,* 428 F.2d 880, 882–83 (2d Cir.1970).

2. As such, the Fifth Circuit found that a district court improperly remanded a case when the district court *sua sponte* remanded a case based on the forum defendant rule even though the plaintiffs did not move to remand within thirty (30) days. *In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir.1991). Similarly, the Fifth Circuit refused to disturb the judgment where a plaintiff did not move to remand within thirty (30) days but instead argued remand was proper on appeal. *In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 392 (5th Cir.2009).

after Defendant filed the Notice of Removal. As such, Plaintiff waived this procedural defect. *See In re 1994 Exxon Chem. Fire,* 558 F.3d at 393. Nevertheless, Third–Party Defendant seeks to assert the forum defendant rule in the instant Motion. To determine whether Third–Party Defendants have the right to do so, the Court first examines § 1448 and then addresses the timeliness of the instant Motion.

### B. Third–Party Defendant's Right to Seek Remand

Section 1448 provides:

In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

This section *shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.*

28 U.S.C.A. § 1448 (West 2006) (emphasis added). Section 1448 "simply allows the plaintiff to serve an unserved defendant or to perfect flawed service once the action has been removed." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 355 n. 6, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). As such, the purpose of § 1448 is to "secure to one of several defendants in an action, who alone has been duly served with process, the right of

removal of an action ... as soon as removability exists." [3] *Hutchins v. Priddy,* 103 F.Supp. 601, 607 (D.C.Mo.1952); *see* 28 U.S.C.A. §§ 1446(b), 1448. If a removal petition is filed by a served defendant and another defendant is served after the case is removed, however, "the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand." *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1263 (5th Cir.1988); *see* § 1448. As such, § 1448 permits a defendant who had not been served prior to removal to challenge the removal by requesting remand.

Third–Party Defendants argue that the term "defendant" in § 1448 includes third-party defendants. The Court acknowledges that no case law directly addresses a third-party defendant's right to seek remand for a procedural defect more than thirty (30) days after the case was removed to federal court. Courts have, however, considered the right of third-party defendants to seek *removal* pursuant to 28 U.S.C. § 1441. As courts' interpretations of the term "defendant" in § 1441 are instructive in the instant case, the Court first examines § 1441(a) before addressing § 1448.

#### 1. Removal by a Third–Party Defendant Pursuant to § 1441(a)

Section 1441(a) provides that, "[e]xcept as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants...." 28 U.S.C.A. § 1441(a) (West 2006). The majority of courts inter-

---

**3.** Section 1446(a) requires that all served and properly joined defendants join in the removal petition. *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n. 9 (5th Cir.1988); *see* § 1446(a). Section 1446(a) does not require that unserved defendants join in the

removal petition. Thus, § 1448 allows a defendant—one who was not properly served at the time another defendant removed the case—to voice his preference for the state forum by filing a motion for remand.

prets "the defendant or the defendants" in this subsection as excluding third-party defendants.[4] *BJB Co. v. Comp Air Leroi,* 148 F.Supp.2d 751, 752 (N.D.Tex.2001) ("[D]istrict courts throughout the country have, in relative unison, determined that third-party defendants are not defendants within the meaning of § 1441(a)...."). In so determining, courts typically cite the language and legislative history of the statute, the importance of a plaintiff being master of his complaint, and federalism concerns that favor a narrow construction of the removal statute.

First, the statutory language makes plain that only "the defendant or the defendants" may remove. § 1441(a). The question then becomes whether third-party defendants are included as "defendants"—a question similar to the one facing the Court in the instant case with regard to § 1448. *See First Nat'l Bank of Pulaski v. Curry,* 301 F.3d 456, 461 (6th Cir.2002). The terms "defendant" and "third-party defendant" "typically are understood as referring to distinct parties." *Johnston v. St. Paul Fire & Marine Ins. Co.,* 134 F.Supp.2d 879, 880 (E.D.Mich. 2001); *see* FED.R.CIV.P. 14(a) (defining a third-party defendant as a party brought into an action by "a defending party, as a third-party plaintiff"). Further, that Congress chose to limit removal pursuant to

§ 1441(a) to "the defendant or the defendants," instead of using the more expansive terms used in other removal statutes, indicates that Congress did not intend for third-party defendants to remove pursuant to § 1441(a). *First Nat'l Bank of Pulaski,* 301 F.3d at 463. For example, removal power in bankruptcy cases is granted to any "party," which courts have interpreted as including third-party defendants. *See* 28 U.S.C.A. § 1452(a) (West 2006); *First Nat'l Bank of Pulaski,* 301 F.3d at 463. Also, any "foreign state" may remove a case brought against it in state court, and courts have concluded that this includes foreign states that are third-party defendants. *See* 28 U.S.C.A. § 1441(d) (West 2006); *First Nat'l Bank of Pulaski,* 301 F.3d at 463. Finally, courts also considered the legislative history of § 1441(a), reflecting Congress' narrowing of the right to move for removal.[5] *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Thus, the language and legislative history of § 1441(a) suggest that third-party defendants are not "defendants" for the purposes of that subsection.

Second, a plaintiff is the master of his complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Accordingly, a plaintiff can choose a state forum by

---

4. *First Nat'l Bank of Pulaski v. Curry,* 301 F.3d 456, 461 (6th Cir.2002) ("The majority view is that third-party defendants are not 'defendants' for purposes of § 1441(a)."); *Trujillo v. Reynolds,* 2008 WL 2323521, *4 (D.N.M. Jan. 17, 2008) (same); *Salge v. Buchanan,* 2007 WL 1521738, *3 (S.D.Tex. May 24, 2007) ("The overwhelming majority of courts addressing this question have concluded that third-party defendants are not defendants entitled to remove under § 1441(a)."); *Fed. Ins. Co. v. Tyco Int'l Ltd.,* 422 F.Supp.2d 357, 372 (S.D.N.Y.2006). *See also* 16 *Moore's Federal Practice* § 107.11[1][b][iv], at 107–31 (Matthew Bender 3d ed. 2000) ("[T]hird-party defendants are not *defendants* within the

meaning of the removal statute...."); 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3731 (3d ed. 1998) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right of removal to the federal court....").

5. Congress first limited the removal right to a "defendant" and then expanded it in 1875 by granting it to " 'either party.' " *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 106, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). In 1887, however, Congress adopted the current language, granting the removal right to "the defendant or the defendants." *Id.*

exclusively relying on state law or pleading an amount-in-controversy below $75,000. *See id.*; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). Permitting a third-party defendant to remove a case "allows a party unconnected with the original action to force the plaintiff into the federal forum despite any possible efforts to plead out of federal court." *BJB Co.*, 148 F.Supp.2d at 753. Therefore, construing § 1441(a) strictly "serves the practical purpose of limiting a third-party from undermining the forum choices of both the plaintiff and defendant in a state action." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 374 (S.D.N.Y.2006); *see Johnston*, 134 F.Supp.2d at 880. Otherwise, the third-party complaint—the tail—would wag the dog. *See In re Wilson Indus., Inc.*, 886 F.2d 93, 94 (5th Cir.1989).

■ Finally, the United States Supreme Court instructs that legislation providing jurisdiction to the federal courts should be construed narrowly. *Shamrock Oil & Gas Corp.*, 313 U.S. at 108–09, 61 S.Ct. 868 (finding that a counter-defendant/plaintiff was not a "defendant" under § 1441(a)); *see First Nat'l Bank of Pulaski*, 301 F.3d at 462; *BJB Co.*, 148 F.Supp.2d at 752. Without such narrow construction, a third-party defendant could remove a suit with

no independent basis for federal jurisdiction into federal court, resulting in "an unwarranted extension of the federal judicial power." *BJB Co.*, 148 F.Supp.2d at 753. Accordingly, federalism concerns weigh in favor of strictly construing the language of § 1441(a) and finding that the term "defendants" does not include third-party defendants.[6]

### 2. Application of § 1441(a) Case Law to § 1448

■ With these three (3) justifications for precluding third-party defendant removal pursuant to § 1441(a) in mind—language and legislative history of the statute, a plaintiff as the master of his claim, and federalism concerns, the Court now turns to the instant question: whether a third-party defendant has the right to remand under § 1448. First, with regard to statutory language, the Court notes that § 1448, like § 1441(a), refers to "defendant." Typically, the terms "defendant" and "third-party defendant" designate different parties. *See Johnston*, 134 F.Supp.2d at 880. Indeed, the legislation creating § 1448 was entitled "An Act Providing for service of process in causes removed from a State or other court to a United States court."[7] Act of Apr. 16,

---

**6.** The Court notes that the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") has held that third-party defendants may remove an entire case pursuant to 28 U.S.C. § 1441(c). *In re Wilson Indus., Inc.*, 886 F.2d 93, 96 (5th Cir.1989); *BJB Co. v. Comp Air Leroi*, 148 F.Supp.2d 751 (N.D.Tex. 2001). Such a removal, however, is predicated on a "separate and independent claim" over which a federal court has federal question jurisdiction. § 1441(c); *see In re Wilson Indus., Inc.*, 886 F.2d at 96 (clarifying that an allegation that a third-party defendant's negligence, rather than the defendant's negligence, was the true cause of a plaintiff's injuries is not premised on a separate and independent obligation and therefore not removable pursuant to § 1441(c)). Thus, a third-party defendant's right to remove an entire case under

§ 1441(c) does not turn on the inclusion of third-party defendants in a term such as "defendant," but rather on the existence of a separate and independent obligation. Indeed, where the Fifth Circuit granted a third-party defendant's remand request, the court clarified that the tail did not wag the dog in that instance because the third-party complaint had been severed from the original action. *Cent. of Ga. Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir.1970); *see In re Wilson Indus., Inc.*, 886 F.2d at 94 (criticizing lower court's opinion which granted removal).

**7.** Congress only amended § 1448 once, in 1948, to substitute the words "district court of the United States" for "United States court." Act of June 25, 1948, ch. 646, 62 Stat. 940.

1920, ch. 146, 41 Stat. 554. The title suggests that § 1448 prescribes how to serve a defendant once a cause has been removed by another, with the proviso that an unserved defendant's right to remand is not impaired. This proviso conforms with the § 1446(b) requirement that any served defendant join in a motion for removal. Nothing in the language or legislative history of § 1448, however, suggests that Congress intended to grant third-party defendants—who typically are joined long after a case is removed to federal court—the right to move for remand.

Second, allowing a third-party to move for remand thwarts a plaintiff's ability to be the master of his claim. It also frustrates the desires of the defendant or defendants to the original action. In the instant case, for example, Plaintiff originally chose to litigate in state court. Upon Defendant's removal, however, Plaintiff chose not to move for remand. The Court construes Plaintiff's failure to move for remand within thirty (30) days after removal as an expression of Plaintiff's desire to remain in federal court. Indeed, had Plaintiff so moved, Plaintiff may have succeeded in the motion.

Unlike the federalism concerns raised by courts reviewing removal pursuant to § 1441(a), however, concern for the limitation of federal jurisdiction and the respect for state court jurisdiction are not at issue when reviewing remand pursuant to § 1448. Rather, allowing a third-party defendant to move for remand would provide the court another opportunity to review the federal court's jurisdiction and to remand to state court, where appropriate. Permitting third-party defendants to invoke this review, however, would allow the tail to wag the dog. *See In re Wilson Indus., Inc.*, 886 F.2d at 94. In the instant case, both Plaintiff and Defendants chose to litigate in federal court, and the Court has jurisdiction over the matter. To allow Third–Party Defendants, who were joined over four (4) months after the case was removed, to assert the forum defendant rule and move to remand would frustrate the desires of the original parties and would be contrary to the statutory language and legislative history of § 1448. Accordingly, the Court finds that a third-party defendant cannot move for remand pursuant to § 1448 and the instant Motion should be denied.

## C. Thirty–Day Deadline to Move to Remand

■ Next, assuming *arguendo* that Third–Party Defendants have the right to move for remand pursuant to § 1448, the Court considers whether the instant Motion is timely filed. Third–Party Defendants argue that they have thirty (30) days from the date they first appeared to file a motion to remand. Defendants respond that, even if § 1448 granted Third–Party Defendants the right to move to remand, the thirty-day deadline provided by § 1447(c) expired over four (4) months before the filing of the instant Motion. Third–Party Defendants reply that they missed the deadline due to Defendants' delay in filing the Third–Party Complaint. Further, Third–Party Defendants assert that allowing them to move for remand will not frustrate the policy behind § 1447(c). The Court finds Third–Party Defendants' arguments unpersuasive.

Section 1448 permits defendants who were not properly served at the time of removal to move for remand, but § 1448 does not state that such defendants may ignore the time frame provided by § 1447(c). Section 1447(c) clearly requires that any motion to remand based on a matter other than subject matter jurisdiction be filed within thirty (30) days after removal. § 1447(c). Indeed, the Fifth Circuit has interpreted § 1447(c) "as preclud-

ing all remands for procedural defects after the expiration of the thirty-day remand period specified by § 1447(c)." *F.D.I.C. v. Loyd,* 955 F.2d 316, 322 (5th Cir.1992). Strict adherence to this deadline comports with the purpose of § 1447(c) as it prevents courts or the parties from being " 'subject to the burdens of shuffling a case between two courts that each have subject matter jurisdiction.' " *Id.* (quoting H.R.Rep. No. 100–889, at 72 (1988), U.S.Code Cong. & Admin.News. 5982, 6032–33). Wright and Miller explain that the policy behind the thirty-day rule also serves to " 'prevent a party who is aware of a defect in removal procedure from using the defect as insurance against later unfavorable developments in federal court.' " *In re Shell Oil Co.,* 932 F.2d at 1522 (quoting 14A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739 (2d ed. Supp.1990)); *see also* H.R. Rep. No. 100–889, at 72, U.S.Code Cong. & Admin.News. at 6033 (predicting that otherwise one aware of such a removal defect may hold the defect "in reserve as a means of forum shopping").

Here, Defendants filed the Notice of Removal on November 5, 2008. Thus, the thirty (30) days provided by § 1447(c) to seek remand expired on December 5, 2008. This deadline has long since passed. While Third–Party Defendants were not joined during those thirty (30) days and thus did not hold the removal defect in reserve only to now assert it, enforcing the deadline would comport with Congress' other policy concern—that of preventing the burdens of shuffling a case between federal and state court. *See Loyd,* 955 F.2d at 322. Further, the Fifth Circuit

clearly embraces the thirty-day deadline as "precluding *all* remands for procedural defects," *id.* (emphasis added), and removal in violation of § 1441(b) is a procedural defect. *In re 1994 Exxon Chem. Fire,* 558 F.3d at 391. Thus, even if Third–Party Defendants could move to remand under § 1448, such a motion would be untimely.[8] Therefore, the Court is of the opinion that the instant Motion should be denied.

### D. *Sua Sponte* **Remand**

■ Finally, Third–Party Defendants urge the Court to *sua sponte* remand the instant action. Section 1447(c) begins, "[a] *motion to remand* the case on the basis of any defect other than lack of subject matter jurisdiction *must be made.* ..." § 1447(c) (emphasis added). The Fifth Circuit has interpreted § 1447(c) as requiring a motion—filed by a party—before a court can remand due to a procedural defect in the removal process. *In re Allstate Ins. Co.,* 8 F.3d 219, 223 (5th Cir. 1993). Accordingly, a court cannot *sua sponte* remand a case due to a procedural defect. *Id.* As explained above, removal violating § 1441(b) is a procedural defect. Thus, the Court cannot *sua sponte* remand the instant action.

### CONCLUSION

In light of the foregoing, the Court finds that the instant cause is properly before the Court. First, while Defendants' removal violated the forum defendant rule of § 1441(b), Plaintiff waived this procedural error by not seeking remand within thirty (30) days of removal. Second, § 1448 only states that its provisions on service do not impair defendants' right to seek remand.

---

8. Other courts which have confronted this issue directly have also read § 1448 *in pari materia* with § 1447(c), concluding that "any later served defendant objecting to removal must bring its motion to remand within 30 days of the notice of removal." *Schmude v.*

*Sheahan,* 198 F.Supp.2d 964, 968 (N.D.Ill. 2002); *see Metro Furniture Rental, Inc. v. Alessi,* 770 F.Supp. 198, 200 (S.D.N.Y.1991); *cf. Phoenix Container, L.P. v. Sokoloff,* 235 F.3d 352, 354 (7th Cir.2000) (reading § 1447(d) *in pari materia* with § 1447(c)).

Nothing in the statutory language or the legislative history of § 1448 suggests that the term "defendant" includes third-party defendants. Indeed, allowing Third–Party Defendants to move for remand would frustrate Plaintiff's ability to be the master of his claim as well as the original Parties' desire to proceed in federal court. Accordingly, the Court finds that Third–Party Defendants cannot move to remand pursuant to § 1448. Third, even if Third–Party Defendants could move for remand pursuant to § 1448, the instant Motion is untimely per the thirty-day remand deadline of § 1447(c). Finally, as the Court maintains subject matter jurisdiction over the instant cause, the Court cannot *sua sponte* remand the case for a defect in removal procedure. Thus, the Court is of the opinion that Third–Party Defendant's Motion to Remand should be denied.

Accordingly, **IT IS HEREBY ORDERED** that Third–Party Defendants Driggers Real Estate Services, Inc. and RJL Real Estate Consultants, LLC's "Joint Motion For Remand By Third–Party Defendants" is **DENIED**.